```
Bk 33655 P522  #115309
11-20-2015 a 09:00a
```

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA

CERTIFY

*William P O'Donnell*
WILLIAM P. O'DONNELL, REGISTER

## MORTGAGE

This MORTGAGE is made this /17th/ day of November, 2015, between **Mark Kesner and Yvonne Kesner**, presently residing at 11 Nancy Circle, Canton, MA (herein "Mortgagors"), and **the Clerk of the United States District Court for the District of Massachusetts**, United States Courthouse, 1 Courthouse Way, Boston, Massachusetts (herein "Mortgagee").

WITNESSETH, for consideration paid and to secure a personal bond of even date for Mark Kesner (herein "Defendant"), in Criminal No. 15-cr-10323-IT, before the United States District Court for the District of Massachusetts (herein "Court"), in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) executed by the Defendant and the Mortgagors in favor of the United States of America, and to secure due observance and performance of the obligation, terms, and conditions as set forth in an Order Setting Conditions of Release dated November 2, 2015, and filed with the Court, and to further secure the performance of all other covenants and agreements of or by the Defendant and Mortgagors herein for the benefit of the Mortgagee, which may now exist or may hereafter exist or accrue while this Mortgage is still undischarged of record, the Mortgagors hereby mortgage, with power of sale, the following parcel of real property, with the following covenants thereon, situated, lying and being in the County of Norfolk, Commonwealth of Massachusetts, and having the address of 59 Walpole Street, Unit 301, Canton, MA 02021

SEE EXHIBIT A ATTACHED HERETO

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property are hereinafter referred to as the "Property".

THE MORTGAGORS covenant with the Mortgagee as follows:

1. That the Mortgagors shall pay the indebtedness as hereinbefore provided.

2. That the Mortgagors will keep the Property insured against loss by fire or hazards included within the term "extended coverage" for the benefit of the Mortgagee; that the Mortgagors will assign and deliver the policies to the Mortgagee; and that the Mortgagors will reimburse the Mortgagee for any premiums paid or insurance made by the Mortgagee on the Mortgagor's default in so insuring the Property or in so assigning and delivering the policies. However, the Mortgagee shall never be required to maintain insurance of any time or description on the Property.

3. That the Mortgagors shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property, and no building on the Property shall be removed or demolished without the consent of the Mortgagee.

4. That the Mortgagors will pay all taxes, assessments or water rates, and in default thereof, the Mortgagee may, but is not required to, pay the same. In the event that the Mortgagee elects not to pay the same, the Mortgagee is not required to so notify the Mortgagors.

5. That the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, said proceeds not to exceed the dollar amount of the personal bond secured by this Mortgage, shall be delivered to the Mortgagee, who shall hold such proceeds in a non-interest bearing escrow account until either (A) the personal bond has been discharged by the Court, whereupon, and only upon an order of the Court, the Mortgagee shall delivered said proceeds to the Mortgages, or (B) the Defendant fails to observe the Order Setting Conditions of Release and is defaulted by a judicial officer of the Court, whereupon the proceeds shall be disbursed for the benefit of the United States of America in accordance with, and only upon, an order of the Court.

6. That notice and demand or request may be made in writing and may be serviced in person or by mail.

7. That the Mortgagors will warrant and defend the title to the Property against all claims and demand.

8. That the Mortgagors will create no further encumbrances of any kind against the Property.

9. That the Mortgagors, in case a sale shall be made under the power of sale, will, upon request, execute, acknowledge and deliver to the purchaser or purchasers a deed or deeds of release confirming such sale, and that the Mortgagee is appointed and constituted an attorney irrevocable of the Mortgagors to execute and deliver to said purchaser a full transfer of all policies of insurance on the Property at the time of such sale.

10. That the holder of this Mortgage, in any action to foreclose on it, shall be entitled to the appointment of a receiver.

11. Notwithstanding any other agreement between the Mortgagors and Mortgagee, or any provision of law, the Mortgagee shall not be required to discharge this Mortgage except upon order of the Court. It shall be the obligation of the Mortgagors to furnish the Mortgagee with a certified copy of said Order.

IN WITNESS WHEREOF, this Mortgage has been duly executed by the Mortgagors.

_____
Mark Kesner

_____
Yvonne Kesner

Bk 33655 Pg525 #115309

## COMMONWEALTH OF MASSACHUSETTS

Norfolk, SS

On this 18th day of November, 2015, before me, the undersigned notary public, personally appeared Mark Kesner and Yvonne Kesner proved to me through satisfactory evidence of identification, which was/were [ x ] Driver's license(s) or [x ] personally known to be the person(s) whose name(s) is/are signed on the preceding or attached document, and acknowledged to me that he/she/they signed it voluntarily for its stated purpose.

_Kathleen A. Lindenberg_
Notary Public

My Commission Expires:

KATHLEEN A. LINDENBERG
Notary Public
Commonwealth of Massachusetts
My Commission Expires
August 21, 2020

Bk 33655 Pg526 #115309

Exhibit A

## UNIT DEED

New River Village, LLC, a Massachusetts limited liability company with its principal place of business at 536 Granite Street, Braintree MA 02184 ("Grantor"), for consideration of **THREE HUNDRED SEVENTY THOUSAND NINE HUNDRED AND 00/100 ($370,900.00) DOLLARS** paid hereby grants to:

Mark Kesner and Yvonne Kesner, Husband and Wife as Tenants by the Entirety, of 59 Walpole Street, Unit 301, Canton MA 02021

with QUITCLAIM COVENANTS

RESIDENTIAL UNIT NO. 301 in the River Village Condominium located at 59 Walpole Street, Canton, Norfolk County, Massachusetts, created by Grantor pursuant to Chapter 183A of the Massachusetts General Laws by Master Deed dated September 25th, 2014 and recorded with the Norfolk County Registry of Deeds on September 30th, 2014 in Book 32586 Page 514, together with a __2.01__ % percent undivided interest in the common areas and facilities as described in Master Deed. Said unit is shown on the floor plans filed with said Master Deed.

The post office address of said unit is: 59 Walpole Street, Unit _301_, Canton MA 02021.

Said Unit is conveyed with the exclusive right to use Parking Space Nos. _67 & 77_, and Storage Space No. __46__ as shown on the Floor Plans and/or Site Plan recorded with the Master Deed. The Parking Space(s) and Storage Space(s) is/are granted pursuant to the provisions of Section 5.C of the Master Deed and together with the Unit shall be subject to the following:
1. all terms and conditions set forth in the Master Deed, the River Village Condominium Trust (the "Trust"), the By-Laws and all rules and regulations governing the operation of the Condominium, as from time to time amended;
2. easements, agreements, restrictions and reservations of record;
3. the provisions of Chapter 183A of the Massachusetts General Laws, as from time to time may be amended, and all other applicable law.

This conveyance is made subject to and with the benefit of an encroachment easement for adjoining units, an easement for pipes, wires, ducts, flues, cables, conduits, public utility lines, and other common areas and facilities, all other provisions of the Master Deed, Declaration of Trust recorded with Master Deed in said Registry as noted above, and Floor Plans and Site Plan of the condominium recorded with said Registry, or as later amended of record, and all provisions of Chapter 183A.

This conveyance is not a conveyance of all or substantially all of the assets of the Grantor in Massachusetts

Said unit is to be used for residential purposes subject to such rules and regulations as the Trustees may adopt from time to time, and the zoning law of the Town of Canton.

For Grantor's title see Deed recorded with said Deeds in Book 25396 Page 128.

Bk 33655 Pg527 #115309

Witness the execution hereof under seal this 12th day of November, 2015.

**NEW RIVER VILLAGE LLC**
A Massachusetts limited liability company

By: **DELLBROOK MANAGER INC., ITS MANAGER**

By: _____
James J. Sullivan, its President and Treasurer

**COMMONWEALTH OF MASSACHUSETTS**

Norfolk, ss.                                                    11/12, 2015

Then personally appeared before me, the undersigned notary public, James J. Sullivan, President and Treasurer of Dellbrook Manager Inc., a Massachusetts company, as Manager and Authorized Signer for New River Village LLC, a Massachusetts limited liability company, personally known to be the person whose name is signed on the preceding document and acknowledge to me that he signed it voluntarily for its stated purpose and in such capacity.

_____
Notary Public:
My Commission Expires:

JON MacQUARRIE
NOTARY PUBLIC
Commonwealth of Massachusetts
My Commission Expires March 25, 2022

A true copy from Lib. 33655 Fol. 578
in Norfolk County Registry of Deeds
Dedham, MA
Certify: _____
Register

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA

CERTIFY

*William P O'Donnell*
WILLIAM P. O'DONNELL, REGISTER

Bk 33641 P506 #113152
11-16-2015 @ 11:12a

## UNIT DEED

**New River Village, LLC**, a Massachusetts limited liability company with its principal place of business at 536 Granite Street, Braintree MA 02184 ("Grantor"), for consideration of **THREE HUNDRED SEVENTY THOUSAND NINE HUNDRED AND 00/100 ($370,900.00) DOLLARS** paid hereby grants to:

**Mark Kesner and Yvonne Kesner**, Husband and Wife as Tenants by the Entirety, of 59 Walpole Street, Unit 301, Canton MA 02021

with QUITCLAIM COVENANTS

RESIDENTIAL UNIT NO. **301** in the River Village Condominium located at 59 Walpole Street, Canton, Norfolk County, Massachusetts, created by Grantor pursuant to Chapter 183A of the Massachusetts General Laws by Master Deed dated September 25th, 2014 and recorded with the Norfolk County Registry of Deeds on September 30th, 2014 in Book 32586 Page 514, together with a __2.01__% percent undivided interest in the common areas and facilities as described in Master Deed. Said unit is shown on the floor plans filed with said Master Deed.

The post office address of said unit is: 59 Walpole Street, Unit _301_, Canton MA 02021.

Said Unit is conveyed with the exclusive right to use **Parking Space Nos. _67 & 77_, and Storage Space No. __46__** as shown on the Floor Plans and/or Site Plan recorded with the Master Deed. The Parking Space(s) and Storage Space(s) is/are granted pursuant to the provisions of Section 5.C of the Master Deed and together with the Unit shall be subject to the following:

1. all terms and conditions set forth in the Master Deed, the River Village Condominium Trust (the "Trust"), the By-Laws and all rules and regulations governing the operation of the Condominium, as from time to time amended;
2. easements, agreements, restrictions and reservations of record;
3. the provisions of Chapter 183A of the Massachusetts General Laws, as from time to time may be amended, and all other applicable law.

This conveyance is made subject to and with the benefit of an encroachment easement for adjoining units, an easement for pipes, wires, ducts, flues, cables, conduits, public utility lines, and other common areas and facilities, all other provisions of the Master Deed, Declaration of Trust recorded with Master Deed in said Registry as noted above, and Floor Plans and Site Plan of the condominium recorded with said Registry, or as later amended of record, and all provisions of Chapter 183A.

This conveyance is not a conveyance of all or substantially all of the assets of the Grantor in Massachusetts

Said unit is to be used for residential purposes subject to such rules and regulations as the Trustees may adopt from time to time, and the zoning law of the Town of Canton.

For Grantor's title see Deed recorded with said Deeds in Book 25396 Page 128.

LAW OFFICE OF GARY A. LEBLANC
[address illegible]

MASSACHUSETTS STATE EXCISE TAX
Norfolk Registry of Deeds
Date: 11-16-2015 @ 11:12am
Ctl#: 551     Doc#: 113152
Fee: $1,691.76  Cons: $370,900.00

2

Bk 33641 Pg507 #113152

Witness the execution hereof under seal this 12th day of November, 2015.

**NEW RIVER VILLAGE LLC**
A Massachusetts limited liability company

By: **DELLBROOK MANAGER INC., ITS MANAGER**

By: _____
James J. Sullivan, its President and Treasurer

**COMMONWEALTH OF MASSACHUSETTS**

Norfolk, ss.                                                       11/12, 2015

Then personally appeared before me, the undersigned notary public, James J. Sullivan, President and Treasurer of Dellbrook Manager Inc., a Massachusetts company, as Manager and Authorized Signer for New River Village LLC, a Massachusetts limited liability company, personally known to be the person whose name is signed on the preceding document and acknowledge to me that he signed it voluntarily for its stated purpose and in such capacity.

_____
Notary Public:
My Commission Expires:

JON MacQUARRIE
NOTARY PUBLIC
Commonwealth of Massachusetts
My Commission Expires March 25, 2022

A true copy from Lib. 3341 Fol. 506
in Norfolk County Registry of Deeds
Dedham, MA
Certify: _____
Register

AO 98 (Rev. 12/11) Appearance Bond

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| United States of America | ) |
| v. | ) |
| **MARK KESNER** | ) Case No. 15-cr-10323-IT-2 |
| *Defendant* | ) |

## APPEARANCE BOND

### Defendant's Agreement

I, Mark Kesner _____ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

( X ) to appear for court proceedings;
( X ) if convicted, to surrender to serve a sentence that the court may impose; or
(   ) to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

(   ) (1) This is a personal recognizance bond.

(   ) (2) This is an unsecured bond of _____ .

( X ) (3) This is a secured bond of $ 250,000.00 _____, secured by:

   (   ) (a) $ _____, in cash deposited with the court.

   ( X ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it – such as a lien, mortgage, or loan – and attach proof of ownership and value)*:
   _____ new condo that is in the process of being purchased. _____ .
   If this bond is secured by real property, documents to protect the secured interest may be filed of record.

   (   ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:
   _____
   _____
   _____

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

Case 1:15-cr-10323-IT   Document 26   Filed 11/30/15   Page 10 of 10
Case 1:15-cr-10323-IT   Document 12   Filed 11/02/15   Page 2 of 2

Page 2

AO 98 (Rev. 12/11) Appearance Bond

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

### Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1) all owners of the property securing this appearance bond are included on the bond;
(2) the property is not subject to claims, except as described above; and
(3) I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: 11/2/15

_Defendant's signature_

YVONNE KESNER
_Surety/property owner – printed name_

_Surety/property owner – signature and date_   11/19/15

_Surety/property owner – printed name_

_Surety/property owner – signature and date_

_Surety/property owner – printed name_

_Surety/property owner – signature and date_

CLERK OF COURT

Date: 11/2/15

_Signature of Clerk or Deputy Clerk_ Noreen A. Russo - by the Court:

Donald L. Cabell, US Magistrate Judge
_Judge_