

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

December 16, 2015

Mr. Joshua L. Solomon, Esq.
Pollack Solomon Duffy LLP
133 Federal Street
Suite 902
Boston, MA 02110

    Re: United States v. Mark Kesner, 15 CR 10323

Dear Mr. Solomon,

    This letter responds to your second request, dated December 10, 2015, for discovery in addition to that provided by Fed. R. Crim. P. 16, the Local Rules and the Court's Order.

    First, we decline, pursuant to L. R. 116.6 (a) to identify the witness who had a CWOF of an assault and battery case and will move pursuant to L.R. 116.6 (b) for a protective order. Among other things, a CWOF is not a final conviction for the purpose of cross-examination, the offense is unrelated to honesty, reliability or bias, and it would not be admissible under F.R.E. 609.

    Second, enclosed is the interview report of Barbara McCarthy. The Government provides this voluntarily without waiving its position that there is no obligation under the Local or Federal Rules to provide either a report or notes of this interview at this time.

    Third, without waiving any objection, enclosed you will find the notes taken by Mr. Kesner's two interviewers when he was interviewed on May 11, 2012. We believe this satisfies any obligation we might have under Rule 16.

    Fourth, again without waiving any objection, enclosed you will find a copy of the agreement under the limitations of which the Government obtained a copy of the Gibson and Behman server. The server directory, a copy of which is also enclosed, was used to select files for the privilege review. The Government requested a privilege review of the files contained in the subdirectories highlighted in yellow. It has previously provided you with copies of the e-mails and documents which it received following the privilege review.

Fifth, as previously stated, under well-established precedent in the First Circuit, a defendant must make a substantial showing before he is entitled to discovery based on the disfavored defense of vindictive prosecution. E.g., United States v. Bucci, 582 F.3d 108, 111 (1st Cir. 2009) ("In light of the presumption that a prosecutor has acted in good faith in exercising his discretion to make charging decisions, courts require a defendant seeking discovery first to come forth with 'some' objective evidence tending to show the existence of prosecutorial vindictiveness."); United States v. George, 839 F. Supp. 2d 430, 442 (D. Mass. 2012) (noting that "[t]he standard is a 'rigorous' one") (citation omitted). Your request is not (and cannot be) supported by the substantial factual showing required for the discovery you seek.

Moreover, to the extent you seek discovery of proceedings before the grand jury, including instructions provided to the grand jurors, you fail to meet your burden of showing a "particularized need" for those materials. See, e.g., George, 839 F. Supp. 2d at 437. To the extent that your letter requests information described in Local Rule 117.1(a)(8)(A), the disclosure of that testimony is governed by 18 U.S.C. § 3500 and Local Rule 117.1(a), and the government will comply accordingly. To the extent that the request encompasses exculpatory information, the nature and timing of such disclosures are governed by Local Rule 116.2, and the government will comply with that rule. Finally, to the extent that you are requesting other materials described in Rule 16(a)(1), the government refers you to the government's earlier Automatic Discovery production.

Yours very truly,

Stephen P. Heymann

cc:   Martin Weinberg
      ECF (without enclosures)