UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) | 15-cr-10323-IT |
| DANIEL GIBSON and MARK KESNER, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM IN SUPPORT OF MOTION BY DEFENDANT MARK KESNER TO STRIKE MATERIAL IN SUPPORT OF GOVERNMENT'S RESPONSE TO OBJECTION TO REPORT AND RECOMMENDATION**

Defendant Mark Kesner respectfully submits this memorandum in support of his motion to strike the declaration of Cynthia A. Young (Doc. No. 119-1) and those portions of the government's recently filed brief (Doc. No. 119) that refer to or rely on the Young Declaration.

1.  On January 6, 2016, the Court referred Mr. Kesner's motion to dismiss or, alternatively, for discovery, to Magistrate Judge Cabell for a Report and Recommendation. (Doc. No. 36.) The Magistrate Judge issued his Report and Recommendation pursuant to the order of referral on August 11, 2016 (Doc. No. 112), to which Mr. Kesner objected on August 24, 2016 (Doc. No. 113). The government responded to Mr. Kesner's objection on September 19, 2016 with both a brief and a new declaration from Ms. Young.

2.  In opposing Mr. Kesner's motion and before the Magistrate Judge, the government made a strategic decision that it now apparently regrets. In his opening motion papers, Mr. Kesner relied on the presumption of vindictiveness under *United States v. Goodwin*, 457 U.S. 368 (1982), that, when triggered, shifts the burden to the government to rebut with objective evidence justifying the government's conduct. *See, e.g.*, *United States v. Cafiero*, 292 F. Supp. 2d 242, 247 (D. Mass. 2003). Beyond relying on Mr. Kesner's submission, however, the

government opted not to make *any* evidentiary submission in an effort to rebut the presumption, valuing the secrecy of its process over defending its conduct in the event the presumption was triggered. Instead, it focused its argument against Mr. Kesner's motion on its contention that the presumption was not triggered here. Presumably the government chose that strategy to avoid opening up a clear path for discovery.

3. As a result of this choice by the government, the Magistrate Judge had before him the parties' briefs and an evidentiary submission from Mr. Kesner when considering the motion, but no evidentiary submission from the government. In response to Mr. Kesner's objection to the Report and Recommendation, however, the government has now submitted a declaration from Ms. Young that was never before the Magistrate Judge. Uneasy about the state of the record following the Magistrate Judge's Report and Recommendation, the government's new evidentiary submission purports to provide evidence in support of the government's argument that there was no vindictiveness. The government filed this declaration as an exhibit to its brief and refers to it throughout its brief.

4. Where a District Judge refers a matter to a Magistrate Judge for a report and recommendation, the District Judge ordinarily considers that report and recommendation on the basis of the same record that was before the Magistrate Judge. New evidentiary submissions are generally not permitted. The First Circuit has explained the efficiency concerns with allowing parties to withhold arguments until before the District Judge on a review of a report and recommendation:

> The role played by magistrates within the federal judicial framework is an important one. They exist "to assume some of the burden imposed [on the district courts] by a burgeoning caseload." *Chamblee v. Schweiker*, 518 F.Supp. 519, 520 (N.D.Ga.1981). The system is premised on the notion that magistrates will "relieve courts of unnecessary work." *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir.1980). Systemic efficiencies would be frustrated and the

> magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round.

*Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988). Thus, while the District Judge may receive new material under 28 U.S.C. § 636(b)(1), it is well established that "courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation absent a compelling justification for failure to present such evidence to the magistrate judge." *Azkour v. Little Rest Twelve, Inc.*, 10 Civ. 4132(RJS)(KNF), 2012 WL 1026730, at *2 (S.D.N.Y. March 27, 2012) (internal quotation marks and editing omitted); see also *Praileau v. Fischer*, 930 F. Supp. 2d 383, 387 (N.D.N.Y. 2013) ("[A] district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance."); *Fairfield Fin. Mortgage Grp., Inc. v. Luca*, No. 06-CV-5962 JS WDW, 2011 WL 3625589, at *2 (E.D.N.Y. Aug. 16, 2011) ("Furthermore, even in a *de novo* review of a party's specific objections, the Court ordinarily will not consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." (internal quotation marks omitted; editing in original)). Here, there is no reason beyond litigation tactics, let alone a compelling reason, that the government could not have made its evidentiary submission before the Magistrate Judge. The government has not even made clear to the Court that the material it is now relying on was not before the Magistrate Judge.

     5.     The government's resort to new evidence at this stage is particularly problematic here, where the government has denied Mr. Kesner discovery on the very subject that the Young declaration addresses, and where the Young declaration provides vague and materially incomplete information on that subject. As noted in Mr. Kesner's motion papers, Mr. Kesner sought information from the government about the government's charging decision, given his

concern about retaliation for his invocation of Fifth Amendment rights. (*See* Doc. Nos. 29 & 34 at 18.) The government refused to provide such information, and thus Mr. Kesner sought discovery as an alternative to dismissal of the indictment. (*Id.*) The Young declaration now purports to provide *some* information about the process behind that charging decision. While mostly framed in general terms about policies and practices at the time, it contains one sentence claiming a certain review process for the charging decision in this case specifically.

6.     The new declaration omits, however, critical facts necessary to assess the propriety of the decision. For example, the declaration omits even the information that was provided to the supervisors on whose review the government now seeks to rely to justify its rapid shift from treating Mr. Kesner as a witness when demanding he appear before the grand jury, to labeling him a target and charging him when it was clear he would not abandon his Fifth Amendment rights. The declaration also omits the timing of any requests for review by supervisors or by the Tax Division of the Department of Justice, which would provide clarity on the government's shift in treatment of Mr. Kesner. In fact, the declaration refers to a usual practice by which an internal memorandum is presented to the supervisors for review, but reveals nothing about what was told to the supervisors here, when the information was first available, and when it was considered.

## Conclusion

Based on the foregoing, Mr. Kesner respectfully requests that the Court strike the Young Declaration as well as the references to and reliance on it in the government's brief, by requiring the government to re-submit a version of that brief without such references.

Respectfully submitted,

Mark Kesner,
By his attorneys,
/s/ Joshua L. Solomon
Joshua L. Solomon (BBO # 657761)
POLLACK SOLOMON DUFFY LLP
133 Federal Street, Suite 902
Boston, MA  02110
(617) 439-9800
jsolomon@psdfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 20, 2016.

                                            /s/ Joshua L. Solomon