UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Cr. No. 15-cr-10323-IT |
| | ) | |
| DANIEL GIBSON and MARK KESNER, | ) | |
| | ) | |
| Defendants. | ) | |

GOVERNMENT'S RESPONSE TO
DEFENDANT MARK KESNER'S MOTION TO STRIKE

The government respectfully submits this response in opposition to Defendant Mark Kesner's motion to strike portions of the government's Opposition to his motion to dismiss and the Declaration of Cynthia A. Young filed in support of the Opposition. (Opposition and Declaration, ECF. No.119 and Exhibit 1.) For the reasons set forth below, the motion should be denied.

First, the submission of the Declaration was wholly proper under Rule 3(c) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts (the "Magistrate Rules"), which pertains to objections, such as Mr. Kesner's, to a report and recommendation by a magistrate judge to whom a matter has been referred under 28 U.S.C. § 636(b)(1)(B) and (C). In pertinent part, Magistrate Rule 3(c) states:

> The district judge to whom the case is assigned must make a de novo determination upon the record, *or after additional evidence*, of any portion of the magistrate judge's recommended disposition to which specific written objection has been made in accordance with this Rule…The district court judge may accept, reject or modify the recommended disposition, *receive further evidence* or recommit the matter to the magistrate judge with instruction. (emphasis added)

Second, the Declaration is directly relevant to this Court's consideration of Mr. Kesner's Objection to Magistrate Judge Cabell's Report and Recommendation rejecting Mr. Kesner's accusation of prosecutorial vindictiveness.  (Report and Recommendation, ECF. No. 112; Objection, ECF. No. 113.)

Government counsel represented to the Magistrate Court that this case was brought only after the indictment and the evidence on which it was based was reviewed by two supervisors in the U.S. Attorney's Office and attorneys in the Department of Justice's Tax Division. (Opposition, ECF. No. 37 at 4.) In objecting to Magistrate Judge Cabell's Report and Recommendation, Mr. Kesner urged that counsel's representations were an inadequate record to establish these facts.  (Objection to the Report and Recommendation, ECF. No. 113 at 18.) Accordingly, the Declaration of Cynthia A. Young directly addresses Mr. Kesner's concern to the extent necessary, if any.[1]

---

[1] The cases cited by Mr. Kesner stand for the principle that (1) when you are objecting to a magistrate judge's report and recommendation, as a general rule, you cannot (2) use arguments or (3) present facts that you did not give the magistrate judge an opportunity to consider before ruling.

None of these three conditions are present here.  (1)  Mr. Kesner, not the government, has objected to Magistrate Judge Cabell's report and recommendation.   (2)  The argument which the Declaration supports is not new.  Indeed, it is found on the first page of the Government's Opposition to Mr. Kesner's Motion considered by the Magistrate Judge. (Opposition, ECF. No. 37, p.1.) (3) Government counsel represented and proffered substantially the same facts concerning the review of proposed tax indictments and the evidence on which they rely to the Magistrate Judge as are contained in the Declaration. (*Compare, e.g.,* Government's Opposition, ECF. No. 37, first full paragraph p.4 *with* Declaration, ECF. No. 119, ¶¶ 3-6.)

CONCLUSION

Because the Magistrate Rules of this Court explicitly permit additional evidence during the Court's *de novo* review and the Declaration of Cynthia A. Young is relevant to Mr. Kesner's Objections to Magistrate Judge Cabell's Report and Recommendation, Defendant Mark Kesner's Motion to Strike should be denied.

                                                Respectfully Submitted,

                                                CARMEN M. ORTIZ
                                                United States Attorney

By:   *Stephen P. Heymann*
        STEPHEN P. HEYMANN
        Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

      I hereby certify that on this day, September 21, 2016, I electronically filed the above Response using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

                                                *Stephen P. Heymann*
                                                STEPHEN P. HEYMANN
                                                Assistant U.S. Attorney